UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-CV-61431-RAR

LEO FERRETTI, individually and on behalf
of himself and all others similarly situated,

    Plaintiff,
v.

NOVA SOUTHEASTERN UNIVERSITY, INC.,

    Defendant.
_____/

**DEFENDANT'S NOTICE OF PENDING,
REFILED, RELATED OR SIMILAR ACTIONS**

Defendant, Nova Southeastern University ("Nova"), by and through undersigned counsel and pursuant to S.D. Fla. L. R. 3.8, hereby gives notice to the Court that there currently is pending a similar, later-filed putative class action against Nova, which (1) arises out of Nova's closure of its on-campus facilities and transition to remote/virtual/online teaching in response to the COVID-19 pandemic; and (2) seeks the same relief on behalf of the same putative class members.[1]  Both this case and the later-filed case are summarized below and listed in order of filing in the United States District Court for the Southern District of Florida, from earliest to latest.

**IDENTIFICATION OF CASES**

1. ***Leo Ferretti, Individually and on Behalf of All Others Similarly Situated, v. Nova Southeastern University, Inc.,* Case No. 0:20-cv-61431-RAR**.  This lawsuit is pending before the this Court.

Plaintiff filed his original Complaint on July 15, 2020, ECF No. 1, and served Nova with initial process on July 24, 2020, ECF No. 7.  In his original Complaint, Plaintiff alleged four claims

---

[1] Nova has filed this identical Notice in the later-filed case before Judge Cooke.

against Nova arising out of the closure of Nova's campus as a result of the COVID-19 pandemic and its transition to remote learning for a portion of the Spring 2020[2] term and the Summer 2020 term: breach of contract, contract implied in law (restitution/quasi-contract), unjust enrichment and conversion. ECF No. 1. On September 4, 2020, Nova moved to dismiss the Complaint for failure to state a claim. ECF No. 20.

In response, Plaintiff filed his First Amended Class Action Complaint on September 25, 2020. ECF No. 25. In the Amended Complaint, Plaintiff now asserts two claims against Nova for the Winter 2020 term: breach of contract and unjust enrichment. *Id.* Plaintiff seeks a refund of a portion of his tuition and fees for the Winter 2020 semester for himself and the putative class. *Id.* Plaintiff has defined the proposed class as follows: "All persons who paid, on behalf of themselves or another, tuition or fees for in-person education at Nova Southeastern University for the Winter 2020 term." *Id.* at § 76. On October 16, 2020, Nova timely moved to dismiss Plaintiff's First Amended Class Action Complaint for failure to state a claim. ECF No. 32. On October 16, 2020, Nova also filed a Motion to Strike the Class Allegations in Plaintiff's First Amended Class Action Complaint. ECF No. 30.

Meanwhile, on July 29, 2020, the Court had ordered the parties to hold a Joint Scheduling Conference and file a Joint Scheduling Report. ECF No. 8. The parties filed their Joint Discovery Plan and Scheduling Report and proposed Scheduling Order on September 25, 2020. ECF No. 26. The Court entered the Scheduling Order on October 1, 2020. ECF No. 27. Trial in that lawsuit is currently set for September 27, 2021. *Id.* Defendant, however, filed an unopposed motion for a limited stay of discovery pending resolution of the pending dispositive motion on October 30, 2020. ECF No. 38. On November 10, 2020, the Court granted the motion for a limited stay of

---

[2]    Plaintiff has since correctly identified the term as the "Winter 2020" term.

discovery pending the Court's ruling on Defendant's Motion to Strike the Class Action Allegations of the Amended Complaint and Defendant's Motion to Dismiss the Amended Complaint.  ECF No. 44.

2. ***Tristan Craig, On behalf of herself and all others similarly situated, v. Nova Southeastern University,*** **Case No. 1:20-cv-23818-MGC**.  That case is currently pending before the Honorable Marcia G. Cooke.

In the operative Complaint, Plaintiff brings three claims against Nova arising out of the closure of Nova's campus as a result of the COVID-19 pandemic and its transition to remote learning for a portion of the Winter 2020 term and the Summer 2020 term: breach of contract, unjust enrichment and conversion.  ECF No. 1.  Plaintiff seeks a refund of a portion of his tuition and fees for the Winter 2020 semester for himself and the putative class.  *Id.*  Plaintiff has defined the proposed class as follows: "All persons who paid, or will pay, tuition and/or the Mandatory Fees for a student to attend in-person class(es) during the Winter 2020 or any other semester affected by Covid-19 at Nova Southeastern but had their educational experiences and class(es) moved to online only learning."  *Id.* at ¶ 41.  On October 7, 2020, Plaintiff returned the executed waiver of service by Nova, thereby making Nova's response to the Complaint due on December 7, 2020.  ECF No. 7.  No Scheduling Order has been entered.

## APPLICABLE RULES

S.D. Fla. Local Rule 3.8, Notice of Transfer of Refiled and Similar Actions and Procedures, provides as follows:

> It shall be the continuing duty of the attorneys of record in every action or proceeding to bring promptly to the attention of the Court and opposing counsel the existence of other actions or proceedings as described in Section 2.15.00 of the Court's Internal Operating Procedures, as well as the existence of any similar actions or proceedings then pending before another court or administrative

3

agency. Such notice shall be given by filing with the Court and serving a "Notice of Pending, Refiled, Related or Similar Actions," containing a list and description thereof sufficient for identification.

In turn, Section 2.15.00 of the Court's Internal Operating Procedures, Transfer of Similar Actions, provides as follows:

> Whenever an action or proceeding is filed in the Court which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge, the Judges involved shall determine whether the higher-numbered action or proceeding shall be transferred to the Judge assigned to the lower-numbered action. (See IOP 2.06.00 Transfer of Higher-Numbered Cases).

Finally, Section 2.06.00 of the Court's Internal Operating Procedures provides, in pertinent part, as follows:

> Each division in the Southern District of Florida has its own series of numbers which are sequentially assigned to cases. Therefore, for the purpose of higher-numbered transfers, the "lower-numbered" case refers to the earlier-filed case. The judge assigned the higher-numbered case shall prepare a proposed Order of Transfer and a Notice to the parties that the higher-numbered case is transferred to the docket of the judge having the lower-numbered case, effective upon that judge's consent to the transfer.

In accordance with the above-cited Rules and Procedures, Nova respectfully submits this Notice in each case so that this Court and Judge Cooke may consider transfer of the related case to the docket of this Court, which is presiding over the earliest-filed case against Nova in this District.

    Respectfully submitted,

    *s/ Mendy Halberstam*
    Mendy Halberstam, Esq.
    Florida Bar No. 68999
    Email: Mendy.Halberstam@jacksonlewis.com
    Stephanie L. Adler-Paindiris, Esq.
    Florida Bar No. 0523283

        Email: Stephanie.Adler-Paindiris@jacksonlewis.com
Allison Gluvna Folk, Esq.
Florida Bar No. 041075
Email: Allison.Folk@jacksonlewis.com
Shayla N. Waldon, Esq.
Florida Bar No. 105626
Email: Shayla.Waldon@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 577-7600

*and*

Richard A. Beauchamp, Esq.
Florida Bar No. 471313
Email:  rbeauchamp@panzamaurer.com
PANZA MAURER
2400 East Commercial Boulevard
Suite 905
Fort Lauderdale, FL 33308
Telephone: (954) 390-0100
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 19, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

        *s/ Mendy Halberstam*
        Mendy Halberstam, Esq.

CASE NO.: 20-CV-61431-RAR

## SERVICE LIST

**United States District Court for the Southern District of Florida**
*Ferretti, et al. v. NSU Southeastern University, Inc.*
**CASE NO.: 20-CV-61431-RAR**

Matthew D. Schultz, Esq.
Florida Bar No. 0640328
Email: mschultz@levinlaw.com
Rebecca K. Timmons, Esq.
Florida Bar No. 121701
Email: rtimmons@levinlaw.com
Brenton J. Goodman, Esq.
Florida Bar No. 126153
Email: bgoodman@levinlaw.com
LEVIN, PAPANTONIO, THOMAS
MITCHELL, RAFFERTY & PROCTOR, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: (850) 435-7140

Patrick F. Madden, Esq.
*Admitted Pro Hac Vice*
Email: pmadden@bm.net
BERGER MONTAGUE, P.C.
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000

*Counsel for Plaintiff and the Proposed Class*

Mendy Halberstam, Esq.
Florida Bar No. 68999
Email: Mendy.Halberstam@jacksonlewis.com
Stephanie L. Adler-Paindiris, Esq.
Florida Bar No. 0523283
Email: Stephanie.Adler-Paindiris@jacksonlewis.com
Allison Gluvna Folk, Esq.
Florida Bar No. 041075
Email: Allison.Folk@jacksonlewis.com
Shayla N. Waldon, Esq.
Florida Bar No. 105626
Email: Shayla.Waldon@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 577-7600

Richard A. Beauchamp, Esq.
Florida Bar No. 471313
Email:  rbeauchamp@panzamaurer.com
PANZA MAURER
2400 East Commercial Boulevard
Suite 905
Fort Lauderdale, FL 33308
Telephone: (954) 390-0100

*Counsel for Defendant*